UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAURA PIAO,<br>    Plaintiff | : | |
| | : | |
| v | : | Docket No. 3:cv-11-01853 |
| | : | |
| WILLIAM SMITH,<br>JENNINGS SMITH<br>INVESTIGATIONS INC., | : | |
| | : | |
| Defendants. | : | NOVEMBER 30, 2011 |

## C O M P L A I N T

1. This is a diversity action alleging common law fraud, violations of the Connecticut Unfair Trade Practices Act, breach of contract and breath of the implied warranty of fair dealing against a private investigator and his employer by a resident of the State of Georgia.

2. Jurisdiction of this court is invoked under the provisions of Sections 1332, of Title 28 of the United States Code.

3. The plaintiff, Laura Piao, is currently an adult resident of the State of Georgia, residing in Atlanta, Georgia. She is the mother of Connie Chen.

4. William Smith is an agent of the Jennings Smith Investigations, Inc., a firm with purporting to serve clients nationwide, but with a principal place of business in Canton, Connecticut. At all times relevant to this action, Mr. Smith was acting in scope and course of his responsibilities as an agent and principal of Jennings Smith Investigations, Inc.

5. Jennings Smith Investigations, Inc., is a private investigation firm

1

organized, licensed and operating under the laws of the State of Connecticut. It's principal place of business is in Canton, Connecticut.

6. On November 6, 2008, Connie Chen was seriously injured in in a one-car motor vehicle accident on November 6, 2008, on Forest Road, in New Haven. The accident took place approximately one half-mile from the grounds of the Hopkins School, where Ms. Chen was a student.

7. An officer responding to the scene of the accident observed that the right passenger tire of the automobile the plaintiff was driving had a tear in the sidewall. Subsequent investigation by police officers concluded that the tire had been deliberately damaged by one or more persons just before the accident occurred.

8. The plaintiff's car had been parked at the Hopkins School, in New Haven, where she was a student, in the hours immediately preceding the accident, and the accident took place in close proximity to the Hopkins School.

9. Members of the New Haven Police Department opened a criminal investigation based upon their observations and conclusions at the aforesaid accident scene. The criminal investigation was assigned case number 08-57401.

10. The New Haven case was closed without an arrest in June 2009.

11. The plaintiff hired the defendants in September 2008 in an effort to determine the identity of those investigated by the City of New Haven Police Department as suspects in tampering with her daughter's car. The plaintiff terminated the defendants on September 17, 2009.

12. The plaintiff relied upon representations of William Smith that Jennings Smith Investigations had the experience, skill and training to conduct a sophisticated,

cost-effective and timely investigation of the facts and circumstances leading to her daughter's accident.

13. The plaintiff relied upon the express promise of William Smith that the investigation would remain confidential and its results would be reported only to the plaintiff or her authorized representatives. This was a material term of the plaintiff's agreement to engage William Smith and Jennings Smith Investigations, Inc., as the plaintiff believes, and continues to believe, that the investigation of her daughter's accident has been the subject of intense efforts to keep the identity of the person who slashed the tire of her daughter's car secret.

14. The defendants were paid a total of $13,550 by the plaintiffs, and then billed the plaintiff an additional $10,535.52. The defendants commenced an action against the plaintiff in the Superior Court of the State of Connecticut, requiring her to pay for the services of an attorney to defend herself.

15. During the course of their employment by the plaintiff, the defendants either failed, refused and neglected to conduct any meaningful investigation of Connie Chen's accident, or, in the alternative, they failed, refused and neglected to share any of the results of their investigation with the plaintiff.

16. The only work product the defendants produced to the plaintiff during their employment was a single witness interview of 1018 words. The interview was conducted in June 2009.

17. On February 3, 2011, counsel for the defendants sent the plaintiff a letter demanding that she pay approximately $9,500 within 30-days. The plaintiff responded in February 2011 by complaining to the Connecticut Better Business Bureau and to the

3

Connecticut Special Licensing Bureau, the regulatory agency responsible for licensing private investigators. The plaintiff also demanded a refund of a substantial portion of the fees paid to the defendant as she was provided with no information about what work, if any, was done on her daughter's case.

18. On March 31, 2011, Jennings Smith Investigations, Inc., filed a lawsuit against the plaintiff and Connie Chen's father. The suit sought a prejudgment attachment of $20,000 in assets.

19. On May 5, 2011, the defendants for the first time sent to the plaintiff a report purportedly prepared in the course of their investigation of Connie Chen's accident. The 159-page report consisted of the following items: 41 blank page dividers; 54 pages of copies of emails from the plaintiff and her family; 17 pages of copies of newspaper stories and online articles; 13 pages of copies of emails from others; a five page index together with information about Jennings Smith Investigations, Inc.; four pages of letters from Connie Chen's lawyer; a three-page contract; a two-page New Haven Police Department incident report; one page of notes regarding a New Haven Police Department evidence log; a three-page interview with a witness; and, a 16-page "final" report.

20. The aforesaid report was prepared only after the defendants sued the plaintiff for money damages and is a pretextual document intended to justify the pursuit of money damages against the plaintiff. The defendants also created false billing records in an effort to justify their request for additional fees.

21. The defendants shared this so-called "report" with attorney's for the Hopkins School, a defendant in a separate action brought by the Connie Chen.

22. Defendant Smith also verbally provided confidential information to the New Haven Police Department without the consent or approval of the plaintiff. The defendant's provision of confidential information was a factor in leading the New Haven Police Department to close its criminal investigation without an arrest.

23. Defendant Smith engaged in fraud in that he:

    a. Induced the plaintiff to engage William Jennings Investigations, Inc., with promises that the defendants would engaged the services of an expert former FBI agent, despite knowing that no such agent would, or could, offer them assistance in their investigation;

    b. Induced the plaintiff to believe that William Jennings Investigations, Inc., was a national investigative agency with clients throughout the country, and was capable of handling the most complex of investigations, despite have as post office box as its address;

    c Promised the plaintiff that the work the defendants would do on her daughter's behalf would be privileged and not disseminated to third parties without her consent;

    d. Created false billing invoices and a back-dated "report" in an effort to avoid paying a refund for unearned fees and in support of the defendants' claims for additional fees.

24. The defendants hold themselves out to the world to offer superior and sophisticated investigative services for the purpose of inducing clients to pay fees well in excess of that reasonable and customary among private investigators in the community.

25. As a result of the defendants' failure to conduct and complete an investigation, more than three years has lapsed since her daughter's accident, and the statute of limitations for bringing an action against the person or persons responsible for damaging her car has now run.

26. The defendants promised the plaintiff they would diligently search for the identity of the person or persons who sabotaged Connie Chen's car, thereby causing Ms. Chen to suffer devastating personal injuries and that they would timely report their findings to the plaintiff so that her daughter could launch a civil action.

27. The defendants' breached their duty to the plaintiff by refusing to communicate, by failing to conduct a thorough and competent investigation, and by fraudulently creating billing records.

28. The defendants' conduct was unscrupulous, deceptive, and offensive to the public policy of the State of Connecticut in violation of Connecticut General Statutes Section 42-110g.

29. As a direct and proximate results of the acts and omissions herein described, the plaintiff has incurred obligations to the defendants in the amount not just of the $13,500 she has already paid, but potentially of an additional $20,000 more that William Jennings Investigations, Inc., sought by way of a prejudgment remedy in the state court action; she has been required to hire counsel to defendant herself against the predatory litigation of the defendants and she has suffered emotional distress.

WHEREFORE, the plaintiff claims damages in excess of $75,000 as follows:

A. Compensatory damages;

B. Punitive damages;

C. Treble damages as to the claims of fraud arising under Connecticut General Statutes Section 52-564;

D. Such equitable relief as this Court deems fair and reasonable.

## JURY CLAIM

The plaintiff claims a trial by jury.

                THE PLAINTIFF

                By_____
                    NORMAN A. PATTIS
                    649 Amity Road
                    Bethany, CT 06524
                    203.393.3017
                    203.393.9745
                    Fed. Bar No. 13120